UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GINNY V. WHITE and<br>JIMMIE D. WHITE, | CV-N-95-00279-BES (VPC)<br>(BASE FILE) |
| v. | **ORDER** |
| FORD MOTOR COMPANY, a<br>Delaware corporation,<br>_____/<br>AND CONSOLIDATED ACTIONS<br>_____/ | Case No. CV-N-96-00048-BES<br>Case No. CV-N-96-00049-BES |

AND NOW, this _____ day of _____, 2008, upon consideration of Plaintiffs' Motion to Compel Defendant Ford Motor Company to Supplement Discovery Responses, and any response in opposition thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.

Ford shall, no later than June 2, 2008, provide verified, supplemental responses, including all responsive information and documents up to and including the end of calendar year 2007, to: Plaintiffs' First Request for Production of Documents dated July 13, 1995, Nos. 15 and 16; Plaintiffs' Interrogatories dated April 19, 1996, nos. 3, 4, and 7; Plaintiffs' Request for Production of Documents dated April 19, 1996 nos. 2, and 4; Plaintiffs' Interrogatories dated April 24, 1997, no. 19; and Plaintiffs' Request for Production of Documents dated April 24, 1997, No. 12.

Ford shall also make available for plaintiffs' examination at trial the person(s) verifying its supplemental discovery responses.

BY THE COURT:

_____
BRIAN E. SANDOVAL, J.

PETER D. DURNEY, ESQ.
Nevada Bar No. 57
DURNEY & BRENNAN, LTD.
150 W. Huffaker Lane, Suite 101
Reno, Nevada 89511

DON NOMURA, ESQ.
Nevada Bar No. 2228
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521

SHANIN SPECTER, ESQ.
DAVID J. CAPUTO, ESQ.
KLINE & SPECTER, A Professional Corporation
1525 Locust Street
The Nineteenth Floor
Philadelphia, PA 19102

Attorneys for plaintiffs
GINNY V. WHITE and JIMMIE D. WHITE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GINNY V. WHITE and<br>JIMMIE D. WHITE,<br><br>       v.<br><br>FORD MOTOR COMPANY,<br>a Delaware corporation<br><br>_____ /<br>AND CONSOLIDATED ACTIONS<br>_____ / | CV-N-95-00279-BES (VPC)<br>(BASE FILE)<br><br>**PLAINTIFFS' MOTION TO COMPEL DEFENDANT FORD MOTOR COMPANY TO SUPPLEMENT DISCOVERY RESPONSES**<br><br>Case No. CV-N-96-00048-BES<br>Case No. CV-N-96-00049-BES |

Plaintiffs, by and through their counsel of record, move the Court for an order compelling Defendant FORD MOTOR COMPANY ("Ford") to provide verified, supplemental discovery responses, and all responsive documents, to discovery requests that it has already been sanctioned once for failing to supplement, and to make available for plaintiffs' examination at trial the person(s)

verifying its supplemental discovery responses. This motion should be granted for the reasons set forth in the accompanying Memorandum of Points and Authorities, which is incorporated by reference.

    RESPECTFULLY SUBMITTED this 25th day of April, 2008.

                      KLINE & SPECTER,
                      A Professional Corporation

                      By: _____
                          SHANIN SPECTER, ESQ.
                          DAVID J. CAPUTO, ESQ.
                          1525 Locust Street
                          The Nineteenth Floor
                          Philadelphia, PA 19102
                          (215) 772-1000

                      DURNEY & BRENNAN, LTD.
                      By:    PETER D. DURNEY, ESQ.
                          Nevada State Bar 57
                          150 W. Huffaker Lane, Suite 101
                          Reno, Nevada 89511
                          (775) 322-2923

                      LAXALT & NOMURA, LTD.
                      By:    DON NOMURA, ESQ.
                          9600 Gateway Drive
                          Reno, Nevada 89521
                          (775) 322-1170

                      Attorneys for plaintiffs
                      GINNY V. WHITE and JIMMIE D. WHITE

# MEMORANDUM OF
# POINTS AND AUTHORITIES

## A.     Introduction

In his Amended Order dated March 14, 2005 affirming the jury's verdict on remand, the Honorable David W. Hagen sanctioned defendant Ford Motor Company for failing to produce prior to the first trial a number of responsive documents concerning other reported parking brake failures. The documents – which Ford produced to the National Highway and Transportation Safety Administration ("NHTSA") in 1999 – demonstrated that Ford had far more reported rollaways and injuries than it previously had acknowledged either to the first jury or to the federal government when it was investigating this problem in 1993 and 1994.  Judge Hagen sanctioned Ford by permitting, *nunc pro tunc*, the Whites to argue discovery misconduct to the jury and by taking as established, for purposes of the constitutional reprehensibility analysis of the punitive damages verdict, that "Ford knew of many more reported rollaways and injuries than it disclosed to the government." *White v. Ford Motor Co.*, Civil Action No. CV-N-95-00279-DWH, Slip Op. at 14 (D. Nev. March 14, 2005) ("2005 District Court Opinion").  Judge Hagen also specifically held that Ford had a continuing duty to supplement its discovery disclosures post-trial where, as here, it was seeking a new trial. *Id.* at 6, n. 4.

Despite Judge Hagen's sanction, Ford has declined the Whites' request to supplement its discovery responses in advance of the upcoming retrial.  The Whites therefore move this Court for an Order compelling Ford to do so and to produce the appropriate witness(es) at trial to testify as to Ford's efforts in this regard.

**B.     Background**

In discovery, the Whites served a number of interrogatories and document requests asking Ford to identify any and all reports of spontaneous disengagement in vehicles with the subject parking brake and to produce all documents concerning those reports. The Whites' discovery defined the term "Product" as "the parking brake which has been employed in certain 1992-93 model year Bronco, F-150-350 Series Trucks and 1993-94 model year Explorer/Ranger vehicles equipped with manual transmission and subject to Safety Recall 94S91." The Whites' requests included the following:

- Plaintiffs' First Request for Production of Documents dated July 13, 1995 (attached as Exhibit "A") included:

    No. 15:  All consumer complaints about the Product.

    No. 16:  All documents pertaining to or describing other accidents or incidents involving, relating to or allegedly caused by the Product.

- Plaintiffs' Interrogatories dated April 19, 1996 (attached as Exhibit "B") included:

    No. 3:  How many injuries have been reported in relation to allegations of spontaneous disengagement of the product?

    No. 4:  How many reports are there of an unattended vehicle roll without a report of property damage as of (a) January 1, 1994, and (b) today?

    No. 7:  How many vehicles have been alleged to have had: (a) spontaneous disengagement of the parking brake or vehicle roll; and, (b) skip-through during application of the parking brake.

- Plaintiffs' Request for Production of Documents dated April 19, 1996 (attached as Exhibit "C") included:

    No. 2:  All documents relating to the claims of injuries identified in your response to Interrogatory No. 3.

4

    No. 4:    All documents relating to the reports identified in your responses to Interrogatory No. 4.

- Plaintiffs' Interrogatories dated April 24, 1997 (attached as Exhibit "D") included:

    No. 9:    How many injuries have been reported in relation to allegations of parking brake malfunction involving parking brakes installed on vehicles subject to the parking brake recall at issue herein?

- Plaintiffs' Request for Production of Documents dated April 24, 1997 (attached as Exhibit "E") included:

    No. 12:    All documents that relate to each allegation of injury identified in your answer to Interrogatory No. 19.

After initially objecting to discovery concerning vehicles other than 1993 F-Series trucks, Ford agreed (subject to boilerplate objections) to produce all documents responsive to these requests (including MORS II reports and CQIS reports) received by Ford through February 1, 1997 concerning all of the vehicles that were recalled in Safety Recall No. 94S91. *See* Ford's responses to the above discovery requests (attached as Exhibit "F" through "J") and relevant correspondence between Peter D. Durney, Esquire and Eugene J. Wait, Jr., Esquire (attached as Exhibit "K"). In July 1998, the Whites proceeded to trial in reliance on the completeness and accuracy of Ford's discovery responses and document production, which reflected, among other things, that Ford had only three reported injuries from rollaways prior to Walter White's death.

Later in 1998, NHTSA opened an investigation (called a "Recall Query") concerning the effectiveness of Ford's recall of manual transmission trucks with the subject parking brake. NHTSA sent Ford a letter on December 21, 1998 requesting information concerning the parking brake and reported problems with it. Ford's response to NHTSA was in 14 partial submissions (letters with attachments and appendices) from February through August 1999. The month before the 2004

5

retrial, Ford produced to the Whites 9021 pages that it submitted to NHTSA in response to the Recall Query. The documents revealed many rollaways reported to Ford prior to Walter White's death – including eight reported injuries – that were not revealed to the Whites prior to the first trial. For the 2004 retrial, the Whites identified certain of the newly produced documents as P-243 through P-250, P-252 through P-272, P-295, and P-297.

Ford's failure to produce relevant, responsive documents caused the problems associated with spontaneous disengagement to be substantially understated to the first jury, this Court and the Ninth Circuit. The evidence at the first trial was that "[o]ut of 884,000 vehicles using the brake, only three injuries occurred." *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2003), *amended on other grounds*, 335 F.3d 833 (9th Cir. 2003). The newly produced documents showed that Ford actually had **54** reported injuries and **1149** reported rollaways as of June 1999.

On February 29, 2008, the Whites' counsel asked Ford to supplement its discovery responses. *See* Letter from David J. Caputo, Esq. to Malcolm E. Wheeler, Esq. dated February 29, 2008 (attached hereto as Exhibit "L"). In response, Ford's counsel noted that "discovery has been closed for several years" and agreed only that:

> If Ford learns that in some material respect its previous discovery responses or disclosures are incomplete or incorrect in some material respect, and if the additional or corrective information has not already been made known to Plaintiffs during the discovery process before the first and second trials or otherwise in writing, Ford will supplement or correct its disclosures or responses.

Letter from Michael T. Williams, Esq. to David J. Caputo dated March 12, 2008 (attached hereto as Exhibit "M"). The undersigned has confirmed with Mr. Williams that Ford's position is that it has no affirmative obligation to search for additional information and documents to supplement its

discovery responses.  See Letter from David J. Caputo, Esq. to Michael T. Williams, Esq. dated April 25, 2008 (attached hereto as Exhibit "N").

### C.  Argument

Ford's refusal to comply with its discovery obligations is completely unjustified.  Rule 26(e) of the Federal Rules of Civil Procedure provides:

> (1)   In General.  A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> (A)   in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B)   as ordered by the court.

Ford's discovery responses are plainly incomplete, because Ford has not said whether it has received any reported parking brake failures or injuries since 1999, and the responses are incorrect to the extent that there have been reports in that time period that have never been disclosed.

Judge Hagen specifically held that Ford has a continuing duty to supplement its discovery disclosures in this case.  See 2005 District Court Opinion at 6, n. 4.  Judge Hagen has also ruled that reported parking brake failures and injuries since the White accident are relevant and admissible. See *White v. Ford Motor Co.*, Civil Action No. CV-N-95-00279-DWH, Slip Op. at 26-27 (D. Nev. Dec. 30, 2003) ("2003 District Court Opinion").  Before the 2004 retrial, Ford moved *in limine* to preclude evidence of NHTSA's Recall Query and the post-White accident reports of rollaways and injuries that Ford provided to NHTSA in response.  Judge Hagen denied Ford's motion, holding:

7

> The Whites have produced evidence, both of substantially similar accidents involving the same defect and of similar actions by Ford in failing to acknowledge or warn of the defect, that merits consideration in the reprehensibility analysis. Even though they concern actions occurring after the Whites' accident, the recall query documents are probative enough of Ford's conduct regarding the particular defect involved in Walter White's death to go to the jury, which may then weigh that evidence in its analysis of reprehensibility.

*White v. Ford Motor Co.*, Civil Action No. CV-N-95-00279-DWH, Slip Op. at 26-27 (D. Nev. Dec. 30, 2003) ("2003 District Court Opinion"). *See also Defender Industries, Inc. v. Northwestern Mutual Life Ins. Co.*, 809 F. Supp. 400, 410-11 (D.S.C. 1992) (admitting evidence of events related but subsequent to underlying conduct at retrial limited to punitive amount), *aff'd,* 989 F.2d 492 (4th Cir. 1993).

There is no principled distinction between the post-White accident reports that Ford reported to NHTSA in June 1999 and any additional reports that Ford has received since then. Ford should be compelled to satisfy its discovery obligations, make a diligent search for (and produce to the Whites) all information and documents responsive to the requests specified above, and to produce the appropriate witness(es) at trial to testify as to Ford's efforts in this regard.

KLINE & SPECTER,
A Professional Corporation

By: _____
SHANIN SPECTER, ESQ.
DAVID J. CAPUTO, ESQ.
1525 Locust Street
The Nineteenth Floor
Philadelphia, PA 19102
(215) 772-1000

DURNEY & BRENNAN, LTD.
By:    PETER D. DURNEY, ESQ.
       Nevada State Bar 57
       150 W. Huffaker Lane, Suite 101
       Reno, Nevada 89511
       (775) 322-2923

LAXALT & NOMURA, LTD.
By:    DON NOMURA, ESQ.
       9600 Gateway Drive
       Reno, Nevada 89521
       (775) 322-1170

Attorneys for plaintiffs
GINNY V. WHITE and JIMMIE D. WHITE

## CERTIFICATE OF SERVICE

I, Karen A. Kane, hereby certify that, on this 25th day of April, 2008, I filed with the Court Plaintiffs' Motion to Compel Defendant Ford Motor Company to Supplement Discovery Responses. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system:

Frank P. Kelly, III, Esquire,
SHOOK, HARDY & BACON
333 Bush Street, Suite 600
San Francisco, CA 94104

Michael T. Williams, Esquire
WHEELER, TRIGG & KENNEDY, P.C.
1801 California Street, Suite 3600
Denver, Colorado 80202-2617

Peter D. Durney, Esquire
DURNEY & BRENNAN
150 W. Huffaker Lane, Suite 101
Reno, Nevada 89511

Albert F. Pagni, Esquire
JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, NV 89504-0281

Don Nomura, Esquire
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521

Karen A. Kane, Legal Assistant to
DAVID J. CAPUTO